**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. ZERINA SPALDING,<br>　　　　　Petitioner, | DOCKET NUMBER<br>CB-1208-22-0016-U-1 |
| 　　　　v. | |
| DEPARTMENT OF THE TREASURY,<br>　　　　　Agency. | DATE: July 28, 2022 |

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

<u>Julie R. Figueira</u>, Esquire and <u>Paul David Metcalf, Jr.</u>, Esquire,
　　Washington, D.C., for the petitioner.

<u>Corlie McCormick, Jr.</u>, Esquire, Crofton, Maryland, for the relator.

<u>Danae K. Remmert</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Raymond A. Limon, Member

## ORDER ON STAY REQUEST

Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) requests that the Board stay Ms. Spalding's proposed removal for 45 days while OSC completes its investigation and legal review of the matter and determines

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

whether to seek corrective action. For the reasons discussed below, OSC's request is GRANTED.

## BACKGROUND

¶2      In its July 25, 2022 stay request, OSC states that it has reasonable grounds to believe that on March 16, 2022, the Department of the Treasury (the agency) proposed to remove Ms. Spalding from her position with the U.S. Mint in violation of 5 U.S.C. § 2302(b)(1) and (b)(8). Stay Request File (SRF), Tab 1 at 5, 8. OSC alleges that, on December 13, 2019, Ms. Spalding sent an anonymous email to the agency's Anti-Harassment Coordinator detailing instances of what she believed to be unlawful or improper favoritism toward white employees. *Id.* at 6. In the email, a copy of which OSC provides as an attachment to its stay request, the author alleged that some white employees at the agency received "differing treatment" and that agency leadership would "pick and choose what's equal." *Id.* at 21. The author identified examples of "differing treatment," including instances in which two agency employees hung nooses in U.S. Mint facilities and one of the employees was not disciplined while the other employee was ultimately awarded financial compensation in a settlement agreement. *Id.* The email author also alleged that an employee was given an unfair advantage when the employee was permitted to serve in a detail beyond the time limit, agency officials ignored ethics violations committed by another employee, and certain employees were given favorable teleworking agreements and advantages in promotion decisions. *Id.*

¶3      According to OSC, the email was later forwarded to the agency's Office of the Inspector General (OIG), and the OIG initiated an investigation to determine the identity of the email sender. *Id.* at 7. After OIG received subpoenaed email and IP address records linking the anonymous email to Ms. Spalding's home address, Ms. Spalding initially denied knowledge of the anonymous email during

an interview with OIG investigators, but later admitted that she was the author of the anonymous email during a subsequent interview in February 2022. *Id.* at 8.

¶4    OSC states that the agency proposed Ms. Spalding's removal from Federal service on March 16, 2022, based on a charge of lack of candor. *Id.* According to OSC, although the agency initially agreed to mediation through OSC and to stay further processing of Ms. Spalding's removal for 30 days beyond the end of mediation, the agency issued a removal decision on July 1, 2022, just 2 weeks after mediation ended, and on July 15, 2022, the agency informed OSC that it would not extend the stay on the removal decision and removed Ms. Spalding, effective immediately. *Id.* OSC contends that there are reasonable grounds to believe that the agency proposed Ms. Spalding's removal in retaliation for her opposition to practices made unlawful by title VII in violation of 5 U.S.C. § 2302(b)(1)(A), and in retaliation for her protected whistleblowing disclosures in violation of 5 U.S.C. § 2302(b)(8), and requests that the Board retroactively stay the proposed removal for a period of 45 days. *Id.* at 1, 9-10, 12-13, 19.

## ANALYSIS

¶5    Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC "may request any member of the Merit Systems Protection Board to order a stay of any personnel action for 45 days if [OSC] determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice." Such a request "shall" be granted "unless the [Board] member determines that, under the facts and circumstances involved, such a stay would not be appropriate." 5 U.S.C. § 1214(b)(1)(A)(ii). OSC's stay request need only fall within the range of rationality to be granted, and the facts must be reviewed in the light most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed. *See Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010). Deference is given to OSC's initial determination, and a stay will be denied only

when the asserted facts and circumstances appear to make the stay request inherently unreasonable. *Special Counsel v. Department of Veterans Affairs*, 50 M.S.P.R. 229, 231 (1991).

¶6      Under 5 U.S.C. § 2302(b)(1)(A), it is a prohibited personnel practice for any employee who "has authority to take, direct others to take, recommend, or approve any personnel action," to discriminate against any employee or applicant for employment on the basis of race, color, religion, sex, or national origin in violation of title VII. Illegal discrimination under title VII includes retaliation against an employee based on her opposition to discrimination. 42 U.S.C. § 2000e-16(a); *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 36-37 (2015). OSC states that Ms. Spalding sent the anonymous email in an effort to identify and oppose discrimination and favoritism based on race that was unlawful under title VII. SRF, Tab 1 at 9-11. OSC further asserts that within 1 month of a report identifying Ms. Spalding as the author of this email, the agency proposed her removal and there is a causal link between her email opposing unlawful discrimination and her proposed removal. *Id.* at 11-12. Given the deference that should be afforded to OSC and the assertions made in its stay request, I find that there are reasonable grounds to believe that the agency's proposal to remove Ms. Spalding is the result of a prohibited personnel practice under 5 U.S.C. § 2302(b)(1)(A).[2]

---

[2] OSC also contends that, even though the disclosures contained in Ms. Spalding's anonymous email alleged racial discrimination that might be protected under title VII, the email also independently alleged wrongdoing within the categories of 5 U.S.C. § 2302(b)(8), and thus the email is protected regardless of whether it also evidenced activity remediable under title VII. SRF, Tab 1 at 16. Because I am granting the stay based on an alleged prohibited personnel practice under 5 U.S.C. § 2302(b)(1)(A) in connection with Ms. Spalding's proposed removal, I need not consider whether to grant the stay based on 5 U.S.C. § 2302(b)(8). *See, e.g.*, *Special Counsel v. Department of Transportation*, 70 M.S.P.R. 520, 522 n.* (1996) (finding it unnecessary to consider an alleged prohibited personnel practice claim under 5 U.S.C. § 2302(b)(11) because there was sufficient support for granting the stay based on the 5 U.S.C. § 2302(b)(8) claim).

**ORDER**

¶7        Based on the foregoing, granting OSC's stay request would be appropriate. Accordingly, a 45-day stay of Ms. Spalding's proposed removal is GRANTED. The stay shall be in effect from July 28, 2022, through and including September 10, 2022.  It is further ORDERED that:

(1)    During the pendency of this stay, Ms. Spalding shall be reinstated to her former position at the same location, with the same duties and responsibilities, and at the same salary and grade level that she had prior to her removal;

(2)    The agency shall not effect any changes in Ms. Spalding's duties or responsibilities that are inconsistent with her salary or grade level, or impose upon her any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)    Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended by Pub. L. No. 115-42,[3] and 5 C.F.R. § 1201.136(b), must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before August 26, 2022; and

---

[3] As passed by the House of Representatives on May 25, 2017, passed by the Senate on June 14, 2017, and signed into law on June 27, 2017.

(5)    Any comments on such a request that the agency wants the Board to consider, pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b), must be received by the Clerk of the Board on or before September 2, 2022.

FOR THE BOARD:                /s/ for

                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.